UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10739-GAO

SERGIA G. ROSA,
Plaintiff,

v.

PNC MORTGAGE,
Defendant.

OPINION AND ORDER
September 21, 2017

O'TOOLE, D.J.

Plaintiff Sergia Rosa has brought this action against PNC Bank, National Association,[1] which formerly held a mortgage on her home. The mortgage was apparently discharged in completion of a short sale of the home. Although she has not clearly spelled out her intended legal theories in the Complaint, Rosa alleges that the defendant acted in bad faith in refusing to help her obtain a loan modification (Count I) and that she suffered severe emotional and financial distress as a result of an unfair short sale (Count II). She claims that the defendant's unfair conduct caused her losses (Count III). PNC has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff has failed to include factual allegations sufficient to support her conclusory assertions of harm (dkt. no. 8).

From documents referred or adverted to in the Complaint and properly attached to PNC's memorandum, it appears that in February 2008, the plaintiff obtained a residential mortgage loan from National City Mortgage, a division of National City Bank, which has since merged with PNC,

---

[1] In its motion to dismiss (dkt. no. 8), the defendant points out that the complaint has incorrectly identified it as PNC Mortgage.

making the latter the successor-in-interest to the loan and mortgage.[2] The loan was secured by a mortgage on the property located at 215-217 Park Street in Lawrence, Massachusetts. In October 2014, under an apparent short sale arrangement with the defendant, plaintiff entered into a purchase and sale agreement with a third-party buyer, and subsequently conveyed her home. The summary allegations of the Complaint do not spell out the details of the short sale arrangement.

Federal Rule of Civil Procedure 8 generally requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and this Court construes *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007). Still, plaintiffs are required to allege sufficient facts to "state a claim to relief that is plausible on its face," and not just a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015).

Construing the plaintiff's pleading liberally, it is conceivable that she intends to raise one or more of the following claims common in mortgage-related cases: (1) breach of contract; (2) violation of the implied covenant of good faith and fair dealing; (3) failure to comply with Massachusetts General Laws Chapter 244, Section 35B; and (4) violation of Mass. Gen. Laws ch.

---

[2] Although this Court generally decides 12(b)(6) motions on the basis of the complaint, the Court may also consider "matters fairly incorporated within it and matters susceptible to judicial notice," In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003), such as a mortgage when evaluating the alleged breach of a mortgagee's obligations under a mortgage, Henning v. Wachovia Mortg., FSB, 969 F. Supp. 2d 135, 147 (D. Mass. 2013). Here, the plaintiff's mortgage document and the purchase and sale agreement for the short sale attached to the defendant's Memorandum of Law in Support of Defendant PNC Bank, National Association's Motion to Dismiss Plaintiff's Complaint (dkt. no. 9) are deemed fairly incorporated in the Complaint.

93A, § 9. Because the Complaint does not contain sufficient factual allegations to support a claim for relief under any of these theories, the defendant's motion to dismiss is granted.

## I. Breach of Contract

To state a claim for breach of contract, "a plaintiff must allege, at a minimum, that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." Guckenberger v. Boston Univ., 957 F. Supp. 306, 316 (D. Mass. 1997). Here, the plaintiff simply alleges that the defendant refused to help her through loan modification. However, the mortgage does not obligate the defendant to modify the loan, nor does the plaintiff allege that there was any other contract under which the defendant had such an obligation. Therefore, the plaintiff has failed to state facts sufficient to support a plausible claim for breach of contract.

## II. Violation of the Implied Covenant of Good Faith and Fair Dealing

Rosa may also intend to allege a violation of the implied covenant of good faith and fair dealing. As a threshold matter, such a breach requires the existence of a contract between the parties: "without a contract, there is no covenant to be breached." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005). Additionally, the "plaintiff bears the burden of presenting evidence to demonstrate a lack of good faith." Clinical Tech., Inc. v. Covidien Sales, LLC, 192 F. Supp. 3d 223, 237 (D. Mass. 2016)

The only "contract" with the defendant referred to in the Complaint is the mortgage. With regard to that agreement, the plaintiff's assertion of bad faith is not supported by any particular factual allegation. It is simply a "formulaic recitation" of a legal conclusion, and for that reason it does not meet the pleading standard set forth in Iqbal, 556 U.S. at 678.

### III. Failure to Comply with Mass. Gen. Laws ch. 244, § 35B

Massachusetts law may require lenders holding "certain mortgage loans" to review borrowers' requests to pursue modified loans. M.G.L. ch. 244, § 35B. For a loan to fall within the scope of the statute, it must have certain specified features. Additionally, nothing in § 35B prevents "a creditor from offering or accepting an alternative to foreclosure, such as a short sale." Id. In sum, the statute does not provide mortgagors with a general provision for modification.

While the plaintiff alleges that the defendant refused to help her retain her home through a loan modification, she provides no information to indicate whether any of the criteria outlined in § 35B were met, or that her loan even fit into the definition of "certain mortgage loans" under the statute, or why the defendant's offer or acceptance of the short sale was not an appropriate alternative. See id.

### IV. Violation of Mass. Gen. Laws ch. 93A

Massachusetts consumer protection law provides a cause of action for plaintiffs that have been injured by "unfair or deceptive acts or practices." M.G.L. ch. 93A, § 2. To bring a claim under this statute, a plaintiff must first send the defendant "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" at least thirty days prior to filing the action. Id. § 9. This statutory notice requirement is an element of the cause of action and "must be alleged in the plaintiff's complaint." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004). A plaintiff's failure to plead such a notification is sufficient ground for dismissal on a Rule 12(b)(6) motion. Id. Here, the plaintiff has not alleged that she complied with the notice requirement. Accordingly, this claim cannot survive the defendant's motion to dismiss.

## V. Conclusion

For the foregoing reasons, Defendant PNC Bank, National Association's Motion to Dismiss Plaintiff's Complaint (dkt. no. 8) is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge